**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LATANYA SPOORS,** | ) | |
| **Plaintiff,** | ) | **C.A. No. 23-353 Erie** |
| | ) | |
| **v.** | ) | **District Judge Susan Paradise Baxter** |
| | ) | **Magistrate Judge Christopher B. Brown** |
| **PENNSYLVANIA DEPARTMENT OF** | ) | |
| **CORRECTIONS, et al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM ORDER

Plaintiff Latanya Spoors, a former inmate at the State Correctional Institution at Cambridge Springs, Pennsylvania ("SCI-Cambridge Springs"), initiated this *pro se* civil rights action on December 8, 2023, by filing a motion to proceed *in forma pauperis* ("ifp motion"), accompanied by a proposed complaint [ECF No. 1]. The matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

After correcting a number of procedural deficiencies, Plaintiff ultimately filed an amended complaint on August 27, 2024 [ECF No. 17], which is the operative pleading in this case. Named as Defendants are the Pennsylvania Department of Corrections ("DOC") and Superintendent M. Overmyer (collectively referred to as "DOC Defendants"), and Dr. Obeng and Nurse Practitioner Sekerski, medical providers under contract with the DOC to provide medical services to inmates at SCI-Cambridge Springs (collectively referred to as "Medical Defendants"). Favorably construed, Plaintiff's allegations assert that Defendants were

deliberately indifferent to her serious medical needs under the eighth amendment to the United States Constitution by failing to accommodate her dietary needs and to provide her with breast cancer treatment.

On October 17, 2024, this case was reassigned to United States Magistrate Judge Christopher B. Brown as referral judge. Plaintiff was subsequently released from DOC custody and provided a change of address in January 2025. [ECF No. 34]. However, since providing this address change, all mailings sent to Plaintiff have been returned as undelivered. [ECF Nos. 46-49, 58]. Plaintiff has also failed to respond to several dispositive motions despite having been ordered to do so. [ECF Nos. 46, 53, 54]. Due to Plaintiff's lack of prosecution, the Court administratively closed the case on October 22, 2025. [ECF No. 57].

On February 9, 2026, the Medical Defendants filed a motion to reopen the case and to dismiss this action for Plaintiff's continued failure to prosecute. [ECF No. 61].

On July 29, 2026, Judge Brown issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that the Medical Defendants motion to reopen the case be granted and that this case be dismissed, with prejudice, for Plaintiff's failure to prosecute pursuant to Fed. R. Civ. P. 41(b). [ECF No. 62]. Objections to the R&R were due to be filed by August 17, 2026; however, no timely objections have been received by the Court.

Thus, after *de novo* review of the documents in this case, together with the report and recommendation, the following order is entered:

AND NOW, this 16th day of October, 2026;

IT IS HEREBY ORDERED that the Medical Defendants' motion to reopen case [ECF No. 61] is GRANTED, and this case is DISMISSED with prejudice, pursuant to Fed. R. Civ. P.

41(b), due to Plaintiff's failure to prosecute. The report and recommendation of Magistrate Judge Brown, issued July 29, 2026 [ECF No. 62], is adopted as the opinion of the Court.

IT IS FURTHER ORDERED that the DOC Defendants' pending motion to dismiss for lack of prosecution [ECF No. 63] is DISMISSED as moot.

The Clerk is directed to mark this case CLOSED.

Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Christopher B. Brown
United States Magistrate Judge

All parties of record